UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIGARD INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | No.  2:18-cv-291<br><br>**COMPLAINT FOR DECLARATORY RELIEF, CONTRIBUTION, EQUITABLE CONTRIBUTION, AND SUBROGATION** |

COMES NOW Plaintiff Unigard Insurance Company, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and hereby asserts the following allegations and claims for relief from Defendant Liberty Mutual Insurance Company.

## I.   PARTIES

1.1   Plaintiff Unigard Insurance Company ("Unigard") is a foreign insurance company licensed to conduct the business of insurance in the State of Washington.  Unigard is incorporated in the State of Wisconsin with its principal place of business located in the State of Wisconsin.

COMPLAINT FOR CONTRIBUTION - 1

S:\FILES\Munchbar 16117\Pleadings\180226 Complaint Aprvd.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

1.2     Upon information and belief, Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a foreign insurance company licensed to conduct the business of insurance in the State of Washington.  Liberty Mutual is incorporated in the State of Massachusetts with its principal place of business located in the State of Massachusetts.

## II.     JURISDICTION AND VENUE

2.1     Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1332 *et seq.*, in that diversity exists among the parties and the amount in controversy exceeds $75,000.

2.2     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

## III.     INSURANCE POLICIES

3.1     Unigard insured Yelp About it Management, LLC d/b/a Munchbar LLC (hereinafter "Munchbar"), under a Commercial Multi-Line Policy, numbered CM014264, which incepted on December 15, 2011, and expired on December 15, 2012.

3.2     Unigard also insured Munchbar under a Commercial Umbrella Liability Policy, numbered CU015281, which incepted on December 15, 2011, and expired on December 15, 2012.

3.2     Upon information and belief, Liberty Mutual insured Kemper Development Company (hereinafter "Kemper") under a commercial general liability policy that was in effect on February 10, 2012.

## IV.     FACTS

4.1     This matter arises out of the wrongful death action filed by the Estate of Jacob A. Steinle against Dain Cilley, Nichole Colliver Cilley, Kemper Development Company, Munchbar LLC a/k/a Brewhaha Bellevue, LLC, d/b/a Munchbar, and Oracle Corporation (hereinafter the "Underlying Action").

COMPLAINT FOR CONTRIBUTION - 2

S:\FILES\Munchbar 16117\Pleadings\180226 Complaint Aprvd.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

4.2     The Underlying Action arises from a February 10, 2012, physical altercation between Mr. Steinle and Mr. Cilley outside of Munchbar, located at Bellevue Square in Bellevue, Washington.

4.3     Mr. Steinle died on February 14, 2012, allegedly due to complications caused by the physical altercation.

4.4     Kemper Development Company ("Kemper") is the property manager for Bellevue Square.

4.5     At the time of the assault, Kemper's security personnel were observing the altercation.

4.6     The Underlying Action alleged claims against Kemper for negligence as follows:

### VIII. COUNT V: NEGLIGENCE
### [as to Defendant Kemper Development Company]

8.1 As Jacob Steinle was a customer on Bellevue Square property, Defendant Kemper Development Company owed a duty to Jacob Steinle to protect him from reasonably foreseeable or imminent harm or criminal conduct.

8.2 Kemper Development Company security personnel witnessed the escalation of the altercation between Defendant Dain Cilley and Jacob Steinle, but did nothing to intervene. Although it was apparent that harm was about to occur to Jacob Steinle and/or others, Kemper security personnel stood idle until after the fatal assault occurred. The failure of Kemper personnel to intervene, particularly while watching the scene unfold, constitutes a breach of duty to Jacob Steinle and renders Kemper liable in negligence.

8.3 In the alternative (and/or in addition), due to Brewhaha Bellevue, LLC d/b/a Munchbar's storied history of liquor violations and 911 calls, of which Kemper Development Company was aware, Kemper knew or should have known that violence was likely to erupt in and around Munchbar. Kemper's failure to warn customers of the heightened danger posed by Munchbar constitutes negligence.

COMPLAINT FOR CONTRIBUTION - 3

S:\FILES\Munchbar 16117\Pleadings\180226 Complaint Aprvd.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

4.6     Kemper tendered a claim to both Unigard and Liberty Mutual.

4.8     Unigard agreed to defend Kemper as an Additional Insured under the policy issued to Munchbar, subject to a reservation of rights.

4.9     Upon information and belief, Liberty Mutual also accepted coverage subject to a reservation of rights.

4.10    Liberty Mutual further took the position that primary coverage for Kemper was entirely Unigard's responsibility.

4.11    Munchbar was dismissed from the underlying action on summary judgment.

4.12    The claims against Kemper were settled.

4.13    Unigard paid the entirety of Kemper's defense.

4.14    In total, Unigard incurred $553,520.30 in fees and costs defending Kemper.

4.15    Unigard and Liberty Mutual both contributed, but not equally or equitably, to the confidential settlement of claims against Kemper.

### IV.    CAUSES OF ACTION

**A.    Declaratory Relief**

5.1     Unigard incorporates by reference the allegations contained in paragraphs 1.1 – 4.15 as if set forth fully herein.

5.2     Unigard has incurred significant expenses in defending and indemnifying Kemper as set forth above.  Unigard contends that Liberty Mutual has a shared duty to defend and indemnify the various co-insureds under the policies outlined above and that Unigard has paid defense and indemnity costs that should have been borne by Liberty Mutual.

5.3     Liberty Mutual contends that it has no obligation to defend of indemnify Kemper.

COMPLAINT FOR CONTRIBUTION - 4

S:\FILES\Munchbar 16117\Pleadings\180226 Complaint Aprvd.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

5.4     An actual and justiciable controversy exists between Unigard and Kemper regarding their defense and indemnity obligations. A declaratory judgment is necessary and appropriate to determine the rights and duties of the parties under the insurance policies referenced herein.

**B.     Contribution/Equitable Contribution**

6.1     Unigard incorporates by reference the allegations contained in paragraphs 1.1 – 5.4 as if set forth fully herein.

6.2     The claims against Kemper impose liability for conduct covered by Liberty Mutual's insurance policies.

6.3     Liberty Mutual has failed to contribute to defense costs.

6.4     Liberty Mutual has further failed to contribute appropriately to indemnity costs.

6.5     Liberty Mutual's failures to contribute to the defense and/or indemnity costs incurred by Unigard have caused Unigard to incur damages.

6.6     Unigard is entitled to equitable contribution for its defense and indemnity costs incurred in defending and indemnifying Kemper in the above referenced actions.

**C.     Subrogation**

7.1     Unigard incorporates by reference the allegations contained in paragraphs 1.1 – 6.6 as if set forth fully herein.

7.2     Liberty Mutual was independently obligated to indemnify the losses attributable to Unigard with respect to Kemper.

7.3     Liberty Mutual had a legal obligation to provide indemnity coverage for the claims against Kemper prior to the date of settlement in the respective underlying action.

7.4     Unigard's policy contains the following provision:

COMPLAINT FOR CONTRIBUTION - 5

S:\FILES\Munchbar 16117\Pleadings\180226 Complaint Aprvd.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

         Transfer Of Rights Of Recovery Against Others To Us

         If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.  The insured must do nothing after loss to impair them.  At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

7.5    According to the express language of the commercial general liability insurance policies issued by Unigard, Kemper's rights to recover all or part of any payment by Unigard has been transferred to Unigard.

7.6    Unigard is subrogated to the rights of the Kemper and entitled to reimbursement from Liberty Mutual for costs and expenses incurred in defending Kemper in the underlying action.

7.7    Unigard is subrogated to the rights of Kemper and entitled to reimbursement from Liberty Mutual for indemnification payments made in connection with Kemper's settlement in the underlying action.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Unigard prays for judgment and/or entry of an order against Defendant Liberty Mutual as follows:

a)    Compelling Defendant Liberty Mutual to equitably reimburse Unigard/equitably contribute to the fees and costs incurred by Unigard in defending Kemper in the Underlying Action;

b)    Compelling Defendant Liberty Mutual to equitably reimburse Unigard/equitably contribute to the sums paid by Unigard to indemnify Kemper for the settlement in the Underlying Action;

COMPLAINT FOR CONTRIBUTION - 6

S:\FILES\Munchbar 16117\Pleadings\180226 Complaint Aprvd.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

c)  Compelling Defendant Liberty Mutual to specifically perform the obligations assumed by them and owed to Kemper and Unigard under the policies of insurance issued to Munchbar;

d)  Declaring that coverage exists under the policies of insurance issued to Kemper by Defendant Liberty Mutual;

e)  Awarding punitive damages, to the extent available by law; and

f)  Awarding such other and further relief as the Court deems just, appropriate, and equitable.

DATED this 26th day of February 2018.

LETHER & ASSOCIATES, PLLC

*/s/ Thomas Lether*
Thomas Lether WSBA #18089
*/s/ Eric J. Neal*
Eric Neal, WSBA #31863
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
T: 206-467-5444 / F: 206-467-5444
tlether@letherlaw.com
eneal@letherlaw.com
*Attorneys for Plaintiff  Unigard Insurance Company*

COMPLAINT FOR CONTRIBUTION - 7

S:\FILES\Munchbar 16117\Pleadings\180226 Complaint Aprvd.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544